IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







No. PD-0255-07






CLINTON SHANE STEWART, Appellant



v.



THE STATE OF TEXAS






On Discretionary Review of Case 04-06-00488-CR of the


Fourth Court of Appeals,


Gillespie County






 Womack, J., filed a dissenting opinion, in which Price, Johnson, and
Keasler, JJ., joined.



 The appellant arrested Roxanne Lavender and seized her marihuana. He agreed to discuss with
the prosecutor whether Lavender should be prosecuted. It was clear that the discussion would center
on Lavender's future assistance as an informant. Lavender asked the appellant to give the marihuana
back. That certainly would have been absurd, since the only incentive for Lavender to assist the police
was to avoid the prosecution in which the marihuana was evidence. The appellant did agree to give the
appellant some of the marihuana, described as "a bud." For this, he was convicted of tampering with
evidence.

 The contested issue is one of intent. The relevant requirement of the statute, Section
37.09(a)(1) of the Penal Code, is proof that the appellant had "intent to impair its [the marihuana bud's]
availability as evidence in the investigation or official proceeding." The jury found that he did.

 Did the evidence not support the jury's finding?

 The appellant divided the marihuana into two parts: the part that the police were keeping to be
available as evidence in an investigation or prosecution of Lavender, and the part that Lavender could
do with as she wished and which would not be available as evidence. The appellant intended precisely
that result. He also may have intended other consequences of that result, examples of which one could
imagine: currying favor with Lavender or suggesting to her that her assistance in the future would be
rewarded (perhaps with similar gifts of contraband evidence). But it seems impossible to deny that his
intent began with making the bud of marihuana unavailable as evidence. This should be the end of the
analysis.

 The Court's opinion says that "the evidence appears to be legally insufficient to show [that
intent because the] missing marihuana bud would not have changed the [punishment] category of the
offense, and the remaining marihuana was certainly enough to convict Lavender ." Ante, at 3. But the
statute does not require, and the jury were not required to find, such an intent. The required intent is
only that the evidence be made unavailable, which was clearly proved. The Court's grafting onto the
required culpability a requirement that the tampering change the punishment category is not anything that
the statute requires. The statute could have said that a person commits no offense if he destroys a
portion of evidence that falls between the limits of a punishment category. But it doesn't, and this Court
has no authority to amend it.


Filed: October 31, 2007.

Publish.